No. 25,420.

DAVID BABB, *Appellant*, v. JOHN C. CARSON, T. D. HINSHAW, Sheriff, et al., *Appellees.*

SYLLABUS BY THE COURT.

1. FALSE IMPRISONMENT—*Insane Person Taken Into Custody Without a Warrant.* A sheriff may, without a warrant, take an insane person into custody and restrain him in a county jail for a short period of time until regular proceedings can be instituted to inquire into the person's sanity.

2. SAME—*Motion to Make Answer More Definite and Certain Properly Denied.* It is not error to deny a motion to make an answer more definite and certain where the motion asks that evidentiary matters be pleaded.

Appeal from Clay district court; FRED R. SMITH, judge. Opinion filed October 11, 1924. Affirmed.

A. C. Wilson, of Eureka, *Oscar E. Peterson*, of Clay Center, and *B. Arthur Babb*, of Kansas City, Mo., for the appellant.

*Wm. M. Beall, Geo. L. Davis, C. Vincent Jones*, and *W. T. Roche*, all of Clay Center, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action for damages for his arrest without a warrant, and for his false imprisonment for four hours in the county jail of Clay county by T. D. Hinshaw, sheriff of that county. The petition alleged that the defendants, John C. Carson and B. F. Carson, conspired together to procure the imprisonment of the plaintiff by T. D. Hinshaw and that such imprisonment was had by their procurement and connivance. The defendants, John C. Carson and B. F. Carson, filed a joint answer in which they admitted that T. D. Hinshaw was the sheriff of Clay

county, but denied that they had conspired with the sheriff to pro-. cure the imprisonment of the plaintiff, and alleged that whatever the sheriff did was upon his own judgment; that the plaintiff, if he were imprisoned in the county jail, voluntarily entered therein; and that at the time the plaintiff was apprehended he was acting and demeaning himself in such a manner as to indicate that he was insane, and was laboring under a severe attack of mental aberration and was at the time actually insane. The sheriff filed an answer similar to that filed by the Carsons, except that he did not allege anything concerning the procuring of the imprisonment by John C. Carson and B. F. Carson.

The plaintiff filed motions asking that the answers be made more definite and certain by stating definitely and specifically what were the actions and demeanor of the plaintiff and by stating positively, definitely, and specifically whether or not the plaintiff was in the jail, and whether he voluntarily entered therein and whether or not the plaintiff had been adjudged insane at that time. Those motions were denied.

The plaintiff then filed a demurrer to the following portion of the answer of John C. Carson and B. F. Carson:

"That whatever the sheriff did in the premises was upon his own judgment, as it appeared to him from the actions and demeanor of the plaintiff in his presence, and not for anything these answering defendants did or caused to be done. . . .

"These answering defendants further allege that at the time complained of by plaintiff in his amended petition, the said plaintiff was actually acting and demeaning himself in such a manner as to indicate that he was insane and laboring under a very severe attack of mental aberration and was actually insane at the time."

The plaintiff also filed a demurrer to a portion of the answer of the sheriff as follows:

"This answering defendant further alleges that at the time complained of by the plaintiff, in his amended petition, the said plaintiff was actually acting and demeaning himself in such a manner as to actually indicate that he was insane and laboring under a very severe attack of mental aberration."

Those demurrers were overruled. From the orders denying the motions to make more definite and certain, and from the orders overruling the demurrers, the plaintiff appeals and makes two assignments of error as follows:

"1. The trial court erred in overruling plaintiff's separate motions, praying that the appellees be required to make their respective separate amended answers more definite and certain.

"2. The trial court erred in overruling appellant's separate special demurrers to the respective separate amended answers of appellees."

1. Underlying the first of these assignments and embraced in the second is the argument that the sheriff had no right to arrest the plaintiff without a warrant, and that the arrest and consequent imprisonment were wrongful, for which the sheriff and the other defendants are liable. The question to be answered is: Did the sheriff have authority to take the plaintiff into custody and confine him for a short time in the county jail without having a warrant directing him so to do?

Section 76-1204 of the Revised Statutes reads as follows:

"Except as hereinafter provided, from and after the passage of this act all insane persons or persons supposed to be insane, shall be classed and treated as sick persons, but no person who shall not have been legally adjudged to be insane shall by reason of his insanity, or supposed insanity, be restrained of his liberty. This section shall not be construed to forbid the temporary detention of any alleged lunatic for a reasonable time, not exceeding ten days, pending a judicial investigation of his mental condition."

This statute recognizes that it may be necessary to restrain an insane person until regular inquiry can be made into his sanity. One restraining such a person is not acting without authority although he has no warrant directing him to take the person into custody.

Section 76-1206 in part reads:

"Upon the filing of the statement as aforesaid, unless the person alleged to be insane shall be brought before the court without a writ . . . the probate judge shall issue a writ, directed to any sheriff or to any person having custody or charge of the person alleged to be insane, commanding such person to be brought before the court, at such time and place as the probate judge shall appoint, for the hearing and determination of the matter."

This implies that the insane person may be taken into custody without warrant and be brought before the court for examination.

The authorities hold that any one may without a warrant take charge of an insane person, who is dangerous, and restrain or confine him until proper proceedings can be had to inquire into his sanity. A part of the note in 10 A. L. R. 488 reads:

"The rule appears to be that an action will not lie for arresting, without judicial proceedings, one who is so insane as to be dangerous to himself or others."

Another note in Ann. Cas. 1917 D, 536, reads:

"Where it appears that a person is dangerously insane any one may cause his arrest without a warrant."

Babb v. Carson *et al.*

In 25 C. J. 458, we find the following:

"One is not liable for false imprisonment who in a case of real necessity and emergency restrains a person believed to be insane and whose being at large endangers the safety of himself or others, although defendant may be responsible in case of error in judgment."

In 32 C. J. 678, the language used is as follows:

"A private person may, without warrant or authority, temporarily confine a person who may be subject to commitment; but such restraint is unauthorized unless it is necessary to prevent some immediate injury by the lunatic to himself or others."

What a private person may do, a sheriff may also do, and even more.

The answers alleged that the plaintiff was acting as though he were insane, and that he was insane. An insane person is liable to become dangerous at any moment. Must a sheriff who sees an insane person, before taking him into custody wait until that person shows dangerous tendencies by attacking another? It then might, and probably would, be too late to prevent serious bodily injury to the person attacked. The law has a higher regard for the protection of the insane person and of all others. Such a person may be taken into custody until it is known that he is not dangerous or until proper legal steps can be taken. It was not error to overrule the demurrers.

2. It was not error to deny the motions to make more definite and certain in the particulars requested. It may be that the answers should have alleged that the plaintiff was dangerously insane; that the sheriff thought the plaintiff was insane; that it was dangerous for him to be at large; and that on that account the sheriff arrested and restrained him for the time named in the petition. If the motions to make more definite and certain had asked that the answers state specifically whether or not the plaintiff was dangerously insane and whether or not the sheriff believed the plaintiff to be dangerously insane, it is probable that they should have been sustained, but they did not ask that the answers be made more definite and certain in these particulars. The motions asked for matters of evidence which were not necessary to be pleaded.

The judgment is affirmed.

HOPKINS, J., dissents.

HARVEY, J. (dissenting): In my judgment the demurrer to the answer of the sheriff (and to the corresponding paragraph in the

answer of the other defendants) should have been sustained. I agree with the principle of law that an insane person may be taken without a warrant and detained temporarily pending a hearing upon his sanity, but the answers do not allege that plaintiff was restrained for that purpose. I think it is also true, as stated in the authorities cited in the opinion, that a person who is dangerously insane, that is, whose insanity is such that he is likely to do some act injurious to himself or to others, may be lawfully restrained without a warrant. But the answers are deficient in this respect in that they do not allege that the plaintiff was dangerously insane. Hence the answers are fatally defective in not alleging either of the reasons which justify the taking of an insane person into custody without a warrant. I also think that the statement in the opinion "an insane person is liable to become dangerous at any moment" states the matter too broadly and that, in fact, many insane persons show no disposition to be dangerous either to themselves or to others.